Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL VI

| | | |
|---|---|---|
| WILSON CRUZ RODRIGUEZ<br><br>Recurrente<br><br>v.<br><br>DEPARTAMENTO DE CORRECCIÓN Y REHABILITACIÓN<br><br>Recurrido | KLRA202400009 | REVISIÓN JUDICIAL procedente de la División de Remedios Administrativos<br><br>Caso núm.: FMCP-274-23 |

Panel integrado por su presidenta la jueza Ortiz Flores, el juez Rivera Torres, la jueza Rivera Pérez y el juez Campos Pérez.

**Rivera Torres, Juez Ponente**

### RESOLUCIÓN

En San Juan, Puerto Rico, a 26 de enero de 2024.

Comparece ante este foro apelativo, por derecho propio y en *forma pauperis*, el Sr. Wilson Cruz Rodríguez (señor Cruz Rodríguez o recurrente) mediante el recurso de epígrafe solicitándonos la revisión de un dictamen emitido por el Departamento de Corrección y Rehabilitación (Departamento o parte recurrida) el 7 de diciembre de 2023.[1]

Por los fundamentos que exponemos a continuación, desestimamos el recurso de epígrafe por incumplimiento con nuestro Reglamento.

### I.

El señor Cruz Rodríguez se encuentra confinado en la Facilidad Médica Ponce 500. De entrada, precisa advertir que el escrito ante nuestra consideración presenta serios problemas de redacción que impiden comprender adecuadamente el petitorio del recurrente. De lo que podemos entender, este aparentemente instó una *Solicitud de*

---

[1] Del recurso no surge la fecha en que fue notificado el recurrente. Acompañó con el recurso la *Solicitud para que se Exima de Pago de Arancel por Razón de Pobreza*, la cual declaramos *Con Lugar*.

*Remedio Administrativo Núm. FMCP-260-23* ante el Departamento solicitando bonificaciones por buena conducta y que su caso fuese referido ante la Junta de Libertad bajo Palabra. De los documentos acompañados surge que el recurrente se encuentra cumpliendo una sentencia de once (11) años, cuya fecha de cumplimiento mínimo es el 10 de diciembre de 2027.

De otra parte, en el escrito de revisión judicial el recurrente no expone cuál o cuáles fueron los errores cometidos por el Departamento, ni acompañó la *Respuesta Del Área Concernida.*

Por tanto, examinado el expediente a la luz del derecho vigente, y en atención a la determinación arribada, resolvemos sin la comparecencia del Procurador General. Regla 7(B)(5) del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B. R. 7(B)(5).

**II.**

Como cuestión de umbral, sabido es que ante la situación en la que un tribunal carece de autoridad para atender un recurso, solamente procede decretar la desestimación del caso ante su consideración. *Lozada Sánchez et al. v. JCA*, 184 DPR 898, 909 (2012). Los tribunales tenemos siempre la obligación de ser guardianes de nuestra propia jurisdicción, pues sin jurisdicción no estamos autorizados a entrar a resolver los méritos del recurso. *Cordero et al. v. ARPe et al.*, 187 DPR 445, 457 (2012). Por ser las cuestiones de jurisdicción privilegiadas, estas deben ser resueltas con preferencia y de carecer un tribunal de jurisdicción, lo único que puede hacer es así declararlo. *Pérez Rosa v. Morales Rosado*, 172 DPR 216, 222 (2007); *Carattini v. Collazo Syst. Analysis, Inc.*, 158 DPR 345, 355 (2003). Al hacer esta determinación, debe desestimarse la reclamación "sin entrar en los méritos de la cuestión ante sí." *González Santos v. Bourns P.R., Inc.*, 125 DPR 48, 63 (1989). En consecuencia, la ausencia de jurisdicción

es insubsanable. *S.L.G. Solá-Moreno v. Bengoa Becerra*, 182 DPR 675, 683 (2011); *Maldonado v. Junta Planificación*, 171 DPR 46, 55 (2007); *Vázquez v. A.R.P.E.*, 128 DPR 513, 537 (1991).

Como corolario de lo antes expuesto, el Reglamento del Tribunal de Apelaciones dispone en la Regla 83, 4 LPRA XXII-B, R. 83, lo siguiente:

> (B) Una parte podrá solicitar en cualquier momento la desestimación de un recurso por los motivos siguientes:
> (1) que el Tribunal de Apelaciones carece de jurisdicción;
> (…)
> (C) **El Tribunal de Apelaciones, a iniciativa propia, podrá desestimar un recurso de apelación o denegar un auto discrecional por cualesquiera de los motivos consignados en el inciso (B) precedente.** (Énfasis nuestro.)

En lo aquí pertinente, la Regla 59 del mismo cuerpo de reglas, en sus incisos (C) y (E), 4 LPRA XXII-B, R. 59 (C) y (E), dispone lo siguiente:

> (C) Cuerpo
> (1) Todo recurso de revisión tendrá numeradas, en el orden aquí dispuesto, las partes siguientes:
>
> (a) En la comparecencia, el nombre de los recurrentes.
> (b) […]
> (c) […]
> (d) **Una relación fiel y concisa de los hechos procesales y de los hechos importantes y pertinentes del caso**.
> (e) **Un señalamiento breve y conciso de los errores que a juicio de la parte recurrente cometió el organismo**, agencia o funcionario recurrido o funcionaria recurrida.
> (f) **Una discusión de los errores señalados**, incluyendo las disposiciones de ley y la jurisprudencia aplicables.
> (g) […]
> …
> (E) Apéndice
>
> (1) El recurso de revisión incluirá un Apéndice que contendrá **una copia literal** de:
> (a) **Las alegaciones de las partes ante la agencia, a saber, la solicitud original, la querella o la apelación y las contestaciones a las anteriores hechas por las demás partes.**
> (b) […]
> (c) **La orden, resolución o providencia administrativa objeto del recurso de revisión que se solicita**, incluyendo las determinaciones de hechos y las conclusiones de derecho en que esté fundada, cuando procedieren.
> (d) **Toda moción, resolución u orden necesaria para acreditar la interrupción y reanudación del término para presentar el recurso de revisión**.

(e) Toda resolución u orden, y toda moción o escrito de cualquiera de las partes que forme parte del expediente original administrativo, en los cuales se discuta expresamente cualquier asunto planteado en el recurso de revisión o que sean relevantes a ésta.

(f) **Cualquier otro documento que forme parte del expediente original en la Agencia y que pueda ser útil al Tribunal de Apelaciones en la resolución de la controversia.**

(g) [...] (Énfasis nuestro.)

Por último, sabido es que las normas sobre el perfeccionamiento de los recursos ante el Tribunal de Apelaciones deben observarse rigurosamente, lo cual incluye el cumplimiento con las disposiciones del Reglamento del Tribunal de Apelaciones. *Lugo v. Suárez*, 165 DPR 729 (2005). El incumplimiento con las disposiciones reglamentarias sobre los recursos presentados en el Tribunal de Apelaciones puede conllevar la desestimación. *Pueblo v. Rivera Toro*, 173 DPR 137 (2008); *Cárdenas Maxán v. Rodríguez*, 119 DPR 642 (1987).

Además, el Tribunal Supremo ha resuelto que el hecho de que las partes comparezcan por derecho propio, por sí solo, no justifica el incumplimiento de estas con las reglas procesales. *Febles v. Romar*, 159 DPR 714 (2003).

**III.**

Evaluado el escrito y sus anejos, surge de manera patente que el recurso no es susceptible de revisión judicial. Al respecto, el incumplimiento craso del recurrente con su deber de presentar en el expediente la decisión administrativa impugnada, y demás documentos pertinentes, ni haber señalado errores y una discusión de estos, impide a esta *Curia* ejercer adecuadamente nuestra función revisora. Más aún, estas inobservancias imposibilitan que auscultemos primariamente si contamos con la jurisdicción para considerar los méritos del recurso.

Incluso de los documentos presentados no surge que el recurrido hubiese presentado alguna solicitud de Remedios

Administrativos relacionada a la Junta de Libertad Bajo Palabra.[2] La División de Remedios es el organismo con jurisdicción para atender un reclamo de bonificación por buena conducta y asiduidad. *Vargas Serrano v. Inst. Correccional*, 198 DPR 230 (2017).

En fin, reiteramos que procede la desestimación de un recurso por incumplimiento al Reglamento, cuando este haya provocado un impedimento real y meritorio para que el tribunal pueda atender el caso en los méritos.[3] Ante los múltiples defectos de los cuales adolece el presente recurso, nos vemos impedidos de ejercer nuestra función revisora sobre el mismo. El hecho de que el recurrente haya comparecido por derecho propio no justifica el incumplimiento con las reglas procesales.

**IV.**

Por los fundamentos anteriormente expuestos, desestimamos el recurso de epígrafe por incumplimiento con nuestro Reglamento. Regla 83 del Reglamento del Tribunal de Apelaciones, 4 LPRA XXII-B, R. 83.

Notifíquese.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

LCDA. LILIA M. OQUENDO SOLÍS
Secretaria del Tribunal de Apelaciones

---

[2] *Reglamento de la Junta de Libertad bajo Palabra*, Reglamento Núm. 9232 del 18 de noviembre de 2020.

[3] *Pueblo v. Rivera Toro*, supra, citando a *Román et als. v. Román et als.*, 158 DPR 163, 167-168 (2002).